## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JASON KLINTWORTH, and** | ) | |
| **ALK ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0178-CVE-FHM** |
| | ) | |
| **VALLEY FORGE INSURANCE COMPANY,** | ) | |
| **CONTINENTAL CASUALTY COMPANY,** | ) | |
| **and** | ) | |
| **CNA FINANCIAL CORPORATION D/B/A** | ) | |
| **CNA COMMERCIAL INSURANCE,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is plaintiffs Jason Klintworth and ALK Enterprises, LLC's (ALK's) motion to remand (Dkt. # 58). Plaintiffs argue that the third amended petition (TAP), which added defendants Continental Casualty Company (CCC) and CNA Financial Corporation (CNAF) and separate claims against them, relates back to the second amended petition (SAP) and, therefore, CCC's notice of removal (Dkt. # 2) is untimely. In its notice of removal (Dkt. # 2) and opposition to the motion to remand (Dkt. # 68), CCC argues that the TAP constitutes a new action for purposes of removal and, thus, CCC's notice of removal is timely.[1] Valley Forge Insurance Company (Valley Forge) and CNAF filed notices of consent to removal. Dkt. ## 10, 13.

---

[1]     CCC filed the notice of removal and motion to remand. CNAF has filed a separate motion to dismiss for lack of personal jurisdiction (Dkt. # 42), which will be addressed in a future opinion and order.

# I.

The notice of removal recites the following facts: Klintworth originally filed this action in the District Court of Tulsa County (state court), asserting a claim against DeMarco Metoyer for negligence in causing a motor vehicle accident.  Dkt. # 2, at 1.  Metoyer failed to timely answer or otherwise plead, and was in default beginning July 29, 2016.  Id.  Klintworth filed an amended petition on July 26, 2016, adding as a defendant Linda K. Cervantes, another alleged tortfeasor driver.  Id. at 2.  The special administrator of Cervantes' estate was substituted for her.  Id.  The estate was dismissed from this action with prejudice on April 11, 2017.  Id.

On May 1, 2017, Klintworth filed a motion to amend seeking leave of court to add as a defendant Valley Forge.  Id.  On May 8, 2017, the state court granted Klintworth's motion to amend. Id.  Klintworth filed the SAP on June 20, 2017.  Id.  In his SAP, Klintworth asserted claims against Valley Forge for breach of an insurance contract and breach of the duty of good faith and fair dealing relating to the recovery of Uninsured Motorist (UM) Coverage.  Id.  In his SAP, Klintworth added as an additional plaintiff his employer, ALK Enterprises, LLC (ALK), asserting claims for breach of an insurance contract and breach of the duty of good faith and fair dealing against Valley Forge. Id.  Plaintiffs identified their claims concerning the "Oklahoma Auto Insurance Policy . . . Certificate/Policy No. BUA 6014249862."  Id.  Plaintiffs served Valley Forge via service on the Oklahoma Insurance Commissioner on July 3, 2017.  Id. at 3.  The summons and SAP were received by Valley Forge on July 7, 2017.  Id.

On August 3, 2017, Valley Forge filed a notice of removal based on diversity and plaintiffs' alleged bad faith delay in adding Valley Forge as a defendant, while failing to take any action against Metoyer, who was in default.  Id.  On March 5, 2018, while plaintiffs' motion to remand was

pending in the removed action, plaintiffs voluntarily dismissed Metoyer.  Id.  On September 21, 2018, the Court entered an opinion and order granting plaintiffs' motion to remand.  Id.  The litigation continued, and on June 6, 2019, plaintiffs dismissed their breach of contract claims against Valley Forge.  Id.

On January 10, 2020, plaintiffs filed a motion to amend petition, seeking to add CCC and CNAF as defendants, to assert an alleged breach of the duty of good faith and fair dealing relating to the recovery of Key Employee Replacement Expense Coverage Endorsement benefits under a separate Umbrella Policy from the Valley Forge Commercial Auto Policy that was the subject of the SAP filed on June 20, 2017.  Id.  Plaintiffs' motion to amend states that plaintiffs' counsel was provided a certified copy of the Umbrella Policy issued by CCC on or around January 31, 2017.  Id. at 4.  Plaintiffs' motion to amend also included a letter from Adam Weintraub, one of plaintiffs' attorneys, stating that he had analyzed the Umbrella Policy and found that there was no additional coverage.  Id.  On March 13, 2020, plaintiffs filed the TAP.  Id.  In the TAP, Klintworth, individually, asserted a claim of breach of the duty of good faith and fair dealing against Valley Forge for UM benefits under Oklahoma Auto Insurance Policy No. BUA 601424986.  Id.  In the TAP, for the first time, ALK asserted a claim for breach of the duty of good faith and fair dealing against CCC for "key man" coverage under the Umbrella Policy identified as Policy No. CUP 6014249909.  Id.  Finally, the TAP asserted a new claim for breach of the duty of good faith and fair dealing against CNAF on behalf of both plaintiffs.  Id.  In this new claim, plaintiffs allege a breach of the duty of good faith and fair dealing based on two unidentified policies allegedly issued by CNAF.  Id.  CCC was served via the Oklahoma Insurance Department, which noted the receipt date

was April 7, 2020.  Id. at 4-5.  The summons notes the service date to the Oklahoma Insurance

Department was March 30, 2020.  Id. at 5.

On April 29, 2020, CCC filed a notice of removal.  Dkt. # 2.  On May 28, 2020, plaintiffs

filed a motion to remand.  Dkt. # 58.

## II.

### A.

Federal law provides that a diversity case may not be removed "more than 1 year after

commencement of the action."  28 U.S.C. § 1446(c).  Klintworth originally filed the state court

action on June 24, 2016.  The one year period lapsed, therefore, on June 24, 2017.  However, CCC

was not a party to the original state court action.  CCC became a party as a result of the TAP, which

was filed on March 13, 2020.  Thus, CCC did not have the opportunity to remove the case until after

it was served, on March 30, 2020 or April 7, 2020.  CCC argues that it should be allowed the

opportunity to remove this action because it constitutes the filing of a "new action" for purposes of

removal as to CCC.  Dkt. # 2, at 5.

"An amendment to a pleading relates back to the date of the original pleading when . . . the

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set

out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1).  However, "an

amendment does not relate back 'when it asserts a new ground for relief supported by facts that differ

in both time and type from those the original pleading set forth.'"  Full Life Hospice, LLC v.

Sebelius, 709 F.3d 1012, 1018 (10th Cir. 2013) (quoting Mayle v. Felix, 545 U.S. 664, 650 (2005)).

"A new pleading cannot relate back if the effect of the new pleading 'is to fault [the defendants] for

conduct different from that identified in the original complaint,' even if the new pleading 'shares

some elements and some facts in common with the original claim.'" Id. (quoting U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc., 608 F.3d 871, 881 (D.C. Cir. 2010)) (alteration in original); see also Hernandez v. Valley View Hosp. Assn'n, 684 F.3d 950, 962 (10th Cir. 2012) (holding that an amendment did not relate back because it was "based on factual allegations that were new and discrete from the facts [the plaintiff] originally pled").

Here, the TAP constitutes the filing of a new action against CCC. The original petition asserted negligence against Metoyer. The amended petition asserted negligence against Metoyer and Cervantes. The SAP asserted a negligence claim against Metoyer and a breach of the duty of good faith and fair dealing claim against Valley Forge. The TAP asserted a new claim of breach of the duty of good faith and fair dealing claim against CCC, an entirely different company, based on an entirely different insurance policy. Because a new party was added to the lawsuit, the TAP relates back to the SAP if: (1) it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) CCC "received such notice of the action that it will not be prejudiced in defending on the merits; and" (3) CCC "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1). The second and third requirements must have been fulfilled within the prescribed limitations period. Johnson v. United States Postal Svs., 861 F.2d 1475, 1479 (10th Cir. 1988). The parties do not dispute that the second requirement is met—that CCC received notice of the claim. CCC argues that the other requirements of Rule 15(c)(1) are not satisfied. Dkt. # 68, at 11.

As to the first requirement for the TAP to relate back to the SAP, CCC argues that the TAP does not assert a claim that arose out of the conduct, transaction, or occurrence set out, or attempted

to be set out, in the original pleading.  Id.  In Mayle v. Felix, 545 U.S. 644 (2005), the United States Supreme Court held that a petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Id. at 650.  The Court further held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  Id. at 659.  The parties agree that the TAP does not relate back to the original petition or amended petition; the parties dispute whether the TAP relates back to the SAP.  The Court finds, for purposes of the motion to remand, that the TAP asserts a new ground for relief supported by different facts than the SAP.  The SAP asserted negligence claims against the original tortfeasor, Metoyer, and breach of contract and breach of the duty of good faith and fair dealing claims against Valley Forge on behalf of Klintworth and ALK, arising out of the specifically identified Business Auto Policy for alleged failure to pay UM benefits. The TAP asserts a claim against CCC, a different party, for breach of the duty of good faith and fair dealing, on behalf of ALK only, arising out of the Umbrella Policy.  The Umbrella Policy and Business Auto Policy are separate insurance contracts.  Further, CCC was not a party to the Business Auto Policy that was the subject of the SAP.  The Supreme Court of Oklahoma has held that the imposition of the duty of good faith and fair dealing does "not extend[] to an individual [or entity] who was not a party to the contract, and non-insurer defendants d[o] not possess this duty: an action based on the duty to deal fairly and act in good faith will not lie against a stranger to the contract." Hensley v. State Farm Fire and Cas. Co., 398 P.3d 11, 18 (Okla. 2017).  CCC is a stranger to the Business Auto Policy contract; therefore, a bad faith claim against CCC cannot be inferred from the SAP that sets forth a claim for bad faith in relation to the UM coverage afforded under "Certificate/Policy No. BUA 6014249862" issued by Valley Forge.  Plaintiffs argue that it is the

6

underlying injury from the motor vehicle accident, not the policies themselves, that creates a factual relationship between the SAP and the TAP. Dkt. # 58, at 17. They argue that, although there are different policies, they do not seek damages under the terms of either policy. Id. However, the underlying negligence by tortfeasors is no longer at issue; at issue is defendants' alleged bad faith in handling plaintiffs' claims. The claims arise—although it is unclear whether plaintiffs actually made a claim under the key man provision of the Umbrella Policy—under separate policies. The Court therefore finds that the TAP does not assert a claim that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the SAP, and thus the TAP does not relate back to the SAP.

CCC argues that it could not have known that the action would have been brought against it within the prescribed limitations period. Dkt. # 68, at 14-15. Federal Rule of Civil Procedure 15(c)(1)(C) requires that the defendant received notice of the action or "knew or should have known the action would have been brought against them, but for a mistake concerning the proper party's identity" within the time period set forth in Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 15(c)(1)(C). The time period set forth in Rule 4(m) is ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). The TAP was filed well over this period of time—approximately two years and nine months after the SAP. Therefore, it is a factual impossibility for CCC to have notice within the ninety day service period. Neither could CCC have known that the action should have been brought against it when the SAP sought recovery of UM benefits from a specific insurance policy issued by Valley Forge, whereas CCC issued a separate Umbrella Policy, with a different policy number, that does not include UM coverage. Plaintiffs argue that CNAF is the parent corporation of Valley Forge and CCC; therefore, they argue CCC and CNAF necessarily had notice that they would be sued.

Dkt. # 58, at 9-10.  However, even if defendants are related entities, the fact remains that the policies are distinct from one another.  The Court finds for purposes of the motion to remand that CCC could not have known that the action would have been brought against it within the prescribed limitations period.  The Court finds that CCC is entitled to remove the new suit against it, and plaintiffs' motion to remand should be denied.

### B.

In addition, it is clear that plaintiffs engaged in forum manipulation to avoid removal. Plaintiffs' counsel acknowledged receipt of the Umbrella Policy that is the subject of the TAP more than three years prior to filing the TAP.  Plaintiffs chose not to assert any claims against CCC until January 2020, approximately three years after receipt of the Umbrella Policy.  See Dkt. # 2, at 12 (citing the motion to amend).  "A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 [diversity of citizenship] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.  28 U.S.C. § 1446(c) (emphasis added).  As another district court in the Tenth Circuit has explained:

> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. Failure to actively litigate against removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith.  Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that established that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court.  The defendant may introduce direct evidence of the plaintiff's bad faith at this stage—e.g., electronic mail transmissions in which the plaintiff states that he or she is only keeping the

> removal spoiler joined to defeat removal—but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.

Aguayo v. AMCO Ins. CO., 59 F. Supp. 3d 1225, 1262-63 (D.N.M. 2014).  Plaintiffs never actively litigated against Metoyer, the original removal spoiler, nor did they pursue default judgment against him.  Further, plaintiffs delayed bringing an action against CCC for approximately two years and nine months, despite acknowledging receipt of the Umbrella Policy on or about January 31, 2017.  The Court finds that plaintiffs have engaged in bad faith forum manipulation, and, thus, CCC should have the opportunity to remove this action.

## C.

Finally, all other requirements for removal are satisfied.  CCC was served via the Oklahoma Insurance Department, which noted the receipt date was April 7, 2020.  Dkt. # 2, at 13.  The Summons states the service date to the Oklahoma Insurance Department was March 30, 2020.  Id.  CCC filed its notice of removal on April 29, 2020, which is within the thirty-day removal deadline.  See 28 U.S.C. § 1441.  Klintworth is a resident and citizen of Oklahoma.  Dkt. # 2, at 13.  ALK is a Domestic Limited Liability Company organized under the laws of Oklahoma.  Id.  CCC is incorporated and maintains its principal place of business in Illinois.  Id.  Valley Forge is incorporated in Pennsylvania and maintains its principal place of business in Illinois.  Id.  CNAF is incorporated in Delaware and maintains its principal place of business in Illinois.  Id. at 13-14.  The matter in controversy is "in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code."  Dkt. # 12-17, at 3-4.  Therefore, diversity jurisdiction exists under 28 U.S.C. § 1332.  Further, CNAF and Valley Forge filed notices

of consent to removal (Dkt. ## 10, 13).  The Court finds that removal is proper, and plaintiffs'
motion to remand should be denied.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to remand (Dkt. # 58) is **denied**.

**DATED** this 29th day of June, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

10