IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JASON KLINTWORTH, et al.,

    Plaintiff,

vs.

VALLEY FORGE INSURANCE COMPANY, et al.,

    Defendant.

Case No. 20-CV-178-CVE-FHM

## OPINION AND ORDER

Plaintiff's Motion for Protective Order and for Sanctions, [Dkt. 67] has been fully briefed, [Dkt. 67, 79, 84], and is ripe for decision.

Plaintiff alleges that Defendants' attorney made improper ex parte contact with two of Plaintiff's expert witnesses (Peter Rao, M.D. and C. David Rhodes[1]) for which Plaintiff seeks limitations on cross examination, return of alleged work product materials, and disqualification of defense counsel. The court finds that Plaintiff's motion is without merit and is DENIED.

### Peter Rao, M.D.

On December 10, 2019, in a supplemental response to interrogatories, Plaintiff identified Peter Rao, M.C. as having treated Plaintiff. [Dkt. 79-26, p. 7]. Based on that information, Defendant sent a letter dated January 8, 2020, to Dr. Rao requesting medical records. The cover letter asked for "a full and complete copy of all medical records, narrative reports, correspondence, radiology reports, radiology films/disks, etc." [Dkt. 67-9, p. 4]. However, the attached medical authorization contained the following limitation:

---

[1] Mr. Rhodes' name is spelled Rhodes and Rhoades in the parties' papers. Regardless of which is correct, the court has used "Rhodes" throughout this order.

> LIMITED TO LEFT SHOULDER, LOW BACK, MID BACK and
> NECK from March 2011 to present ONLY

[Dkt. 67-9, p.5] (capitalization original).

The court rejects Plaintiff's characterization of the cover letter, which was signed by a paralegal, as rendering any kind of advice legal or otherwise to Dr. Rao. The statement contained in Dr. Rao's affidavit, [Dkt. 67-9 pp. 1, 2; ¶¶ 8, 16], that he relied on the cover letter as compelling him to provide all documents is not credible, especially in view of the content of the attached medical authorization which was entitled "LIMITED MEDICAL AUTHORIZATION" and where the limitations in the authorization were also set out in bold. [Dkt. 67-9, p. 5].

Simply put, the foregoing does not describe any improper conduct by defense counsel.

Plaintiff argues that due to the limitation in the medical authorization, Defendant was not entitled to obtain the psychiatric treatment records of Dr. Rao. The medical authorization was limited as to body part and in itself did not provide authority for Dr. Rao to release the mental health medical records. However, the court notes that on April 26, 2019, the state court ordered Plaintiff to execute an authorization that did not contain those limitations. [Dkt. 79-4].[2] Regardless of the limitations contained in the medical authorization, in light of the April 26, 2019 order, Plaintiff has not demonstrated that Defendant was not entitled to obtain medical records from Dr. Rao. Further, Plaintiff has

---

[2] The April 26, 2019 order granted Defendant's motion to compel as to Request for Production No. 7, which required Plaintiff to execute the medical authorization attached to the discovery requests. [Dkt. 79-1, pp. 13, 16].

made no showing that Defendant has improperly used the mental health records or health history. It is purely unsubstantiated speculation that any such use will be made.

Plaintiff alleges that Dr. Rao disclosed work-product protected materials in the form of draft opinions, which Plaintiff asserts should be returned. Defense counsel represents that no information was received that is subject to work product protection and that the records received from Dr. Rao consist of:

> notes regarding the examination, diagnosis, and treatment of Klintworth. The only references to Klintworth's counsel are a handwritten notation in Dr. Rao's "Evaluation" of Jason Klintworth that reads "attorney Mark Stanley, Esq." and lists two telephone numbers.

[Dkt. 79, pp. 23-24]. Based on the foregoing representations, the request to have any materials from Dr. Rao returned is denied.

The court finds that any possible confusion about whether Dr. Rao was or was not a treating physician, or whether he was or was not engaged by Plaintiff solely as an expert is the result of the imprecise and conflicting manner in which Plaintiff has identified witnesses in response to discovery requests and by way of the various witness lists provided by Plaintiff.

### C. David Rhodes

Plaintiff characterizes Defendants' counsel as having had multiple *ex parte* contacts with Mr. Rhodes, Plaintiff's expert witness concerning Plaintiff's financial status. Those contacts consist of a December 10, 2019, letter from defense counsel to Mr. Rhodes enclosing a disk with financial records related to Plaintiff obtained through subpoenas. [Dkt. 67-7]. On January 23, 2020, Rhodes' office returned the disk to defense counsel, and on February 3, 2020, defense counsel returned the disk to Mr. Rhodes, informing him that

he could use them or not. [Dkt. 67-8]. The court finds nothing in defense counsel's communications to suggest that there was an improper attempt to influence Mr. Rhodes.

### Conclusion

Plaintiffs' Motion For Protective Order Prohibiting Defendants' Counsel From Further *Ex Parte* Contact With Plaintiffs' Experts And For Sanctions Including Disqualification of Counsel, [Dkt. 67], is DENIED.

SO ORDERED this 8th day of September, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE