UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JASON KLINTWORTH, and )
ALK ENTERPRISES, LLC, )
)
      **Plaintiffs,** )
)
v. ) Case No. 20-CV-0178-CVE-FHM
)
VALLEY FORGE INSURANCE COMPANY, )
and )
CONTINENTAL CASUALTY COMPANY, )
)
      **Defendants.** )

## OPINION AND ORDER

Before the Court is plaintiffs Jason Klintworth and ALK Enterprises, LLC's (ALK's) motion to vacate and reconsider (Dkt. ## 82, 83) this Court's opinion and order (Dkt. # 72) denying plaintiffs' motion to remand (Dkt. # 58). Plaintiffs argue that the Court improperly ruled on the motion to remand before the plaintiffs filed a reply. Plaintiffs further argue that they did not engage in bad faith forum manipulation and, as such, the case should be remanded to state court. Defendant Continental Casualty Company (CCC) filed a response in opposition to plaintiffs' motion to vacate and reconsider (Dkt. #89). In its response, defendant argues that plaintiffs identified no grounds that merit the Court's reconsideration of it's order, that the arguments in plaintiffs' motion to vacate could not be raised in their reply, and that plaintiffs did, in fact, engage in bad faith forum manipulation. Plaintiffs did not file a reply in support of their motion to vacate and reconsider, and the time to do so has passed.

## I.

On April 29, 2020, CCC filed a notice of removal from state court based on diversity jurisdiction. Dkt. # 2. On May 28, 2020, plaintiffs filed a motion to remand. In that motion, plaintiffs argued the third amended petition (TAP), which stated new claims and added CCC as a defendant, relates back to the second amended petition (SAP) and, therefore, CCC's notice of removal was untimely. In its response in opposition to the motion to remand (Dkt. # 68), CCC argued that the TAP constitutes a new action for purposes of removal and, thus, CCC's notice of removal was timely. The Court issued an opinion denying plaintiffs' motion to remand on June, 29, 2020. Dkt. # 72.

In that opinion and order, the Court held that the TAP constitutes a new action for purposes of removal and, thus, CCC's notice of removal was timely under 28 U.S.C. § 1446(c). Dkt. # 72, at 5-8, 9-10.[1] Plaintiffs do not challenge that finding in their motion to vacate and reconsider, so the Court will not revisit its holding.[2] Because the Court finds that the matter has been properly removed, plaintiffs' motion to reconsider and vacate the order denying plaintiffs' motion to remand will be denied.

The Court further notes that plaintiffs' motion suffers from numerous defects. First, plaintiffs argue they were denied the opportunity to submit a reply to defendant's response. Dkt. # 82, at 1. Yet, plaintiffs do not present any argument that, if submitted in reply, would have altered

---

[1] The relevant facts in this matter are set forth in the Court's opinion and order dated June 29, 2020 (Dkt. # 72) and will not be reiterated here.

[2] Plaintiffs do not dispute the facts or law stated in Section II.A. of the Court's opinion and order (Dkt. # 72) in their motion. While plaintiffs may disagree with the Court's application of the law, they have not so stated.

the Court's decision. In fact, plaintiffs fail to present any arguments in their motion that would have been permissible in a reply to defendant's response. Reply briefs may address only new matters asserted in the response. LCvR7.2(h) ("Reply briefs regarding new matter in the response brief may be filed . . ."). A reply cannot address matters beyond the scope of the response. Plaintiffs' recent motion ignores that fact. Plaintiffs instead attempt to dispute the Court's secondary finding of bad faith forum shopping in their motion, which is an issue not raised by defendant at any point in its response.[3] As a result, plaintiffs' argument they were improperly denied the opportunity to reply fails where plaintiffs did not identify a single plausible argument that would have been permitted in reply, let alone one that the Court finds persuasive.

Second, the Court finds plaintiffs' arguments regarding bad faith forum shopping both unavailing and, given the alternate grounds for the Court's ruling, immaterial.[4] Regardless of plaintiffs' strategic reasons for neither dismissing the action against defendant Metoyer nor pursuing judgment against him, the fact remains that his presence in this action prevented defendants from removing to federal court. That he remained in the action as a safeguard to the plaintiffs' strategic positions does not change the fact that he was not an active part of this litigation for some time. "Failure to actively litigate against the removal spoiler will be deemed bad faith." Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1262 (D.N.M. 2014). Conversely, "actively litigating against the

---

[3] Plaintiffs concede that defendant does not raise the issue in their response. Dkt. # 82, at 2 (noting defendant "did not assert ['plaintiffs had engaged in "forum manipulation" in bad faith'] in response to Plaintiffs' *Motion the* [sic] *Remand*").

[4] The Court notes that the finding of "bad faith forum shopping" has no effect on the plaintiffs' position on the merits. "Bad faith" in this instance may be a misnomer, given that plaintiffs state numerous plausible strategic reasons to keep defendant Metoyer in the action that had nothing to do with preventing removal.

3

removal spoiler . . . create[s] a rebuttable presumption of good faith." Id.  Evaluation of this issue does not require assessment of the validity of counsel's rationales for keeping the removal spoiler in the action, presumably because the effect of the removal spoiler on other defendants is the same regardless of plaintiffs' strategic rationales.  Plaintiffs' motion has not established a rebuttable presumption of good faith through active litigation against the removal spoiler.[5]  As a result, the Court will not reconsider or vacate its prior opinion and order.

In light of the above, the Court finds that removal was proper, that plaintiffs' motion states no grounds for the Court to reconsider its prior order, and that the arguments regarding bad faith are both improperly before the court and unpersuasive.  As such, plaintiffs' motion to vacate and reconsider should be denied.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to vacate and reconsider (Dkt. ## 82, 83) is **denied**.

**DATED** this 17th day of September, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5]  Plaintiffs' attempts to confine the Court to a prior ruling that the joinder of defendant Metoyer was not "clearly a ruse" in Klintworth et al. v. Valley Forge Ins. Co., et al., No. 17-CV-448 (N.D. Okla. Sept. 21, 2018) are ineffective. Dkt # 82, at 2-3.  That ruling was made approximately two years ago; the facts and circumstance before the Court are materially different now.