UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON KLINTWORTH, and<br>ALK ENTERPRISES, LLC, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 20-CV-0178-CVE-FHM |
| VALLEY FORGE INSURANCE COMPANY,<br>and<br>CONTINENTAL CASUALTY COMPANY, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is plaintiff ALK Enterprises, LLC's (ALK's) motion to dismiss defendant Continental Casualty Company (CCC) (Dkt. # 96) pursuant to Federal Rule of Civil Procedure 41. In its motion, ALK states there are no counterclaims pending that would prevent dismissal. ALK also states that ALK's counsel requested, on September 3, 2020 that CCC stipulate to dismissal to which CCC's counsel responded that it needed more time to consider the offer in light of COVID-19 office closures. CCC filed an objection to ALK's motion to dismiss (Dkt. # 102). In that objection, CCC argues that the Court should deny ALK's motion to dismiss CCC and grant CCC's motion for summary judgment or, in the alternative, the Court should dismiss ALK's claim with prejudice "and set forth certain conditions for the voluntary dismissal." Dkt. # 102, at 1. CCC requests that the conditions to dismissal with prejudice include payment of attorneys' fees and costs to CCC, and that the dismissal be stayed until the three motions for sanctions against ALK (Dkt. ## 22, 29, 37) are decided (or until plaintiff Klintworth accepts liability for any resulting sanctions from those motions). Dkt. # 102, at 11.

## I. BACKGROUND

The procedural history of this case spans four years and will not be recited here.[1] Relevant to this opinion, the Court notes the following: on March 13, 2020, ALK asserted a claim for breach of the duty of good faith and fair dealing against CCC in state court. On April 29, 2020, CCC filed a notice of removal based on diversity jurisdiction. Dkt. # 2. On May 28, 2020, plaintiffs Jason Klintworth and ALK filed a motion to remand (Dkt. # 58) and CCC opposed that motion (Dkt. # 68). On June, 29, 2020, the Court issued an opinion denying plaintiffs' motion to remand, finding removal timely under 28 U.S.C. § 1446(c). Dkt. # 72, at 3, 5-8, 9-10. On July 24, 2020, in light of the fact that the parties had exchanged discovery and correspondence related to the CCC insurance policy at issue since at least early 2017, the Court set an abbreviated discovery schedule with a September 30, 2020 deadline. Dkt. # 80. The parties engaged in discovery in the ensuing month.

After a meet-and-confer on August 28, 2020, email exchanges between parties, and conversations with counsel, ALK decided to forego pursuing its claim against CCC. Dkt. # 102, at 2. On September 3, 2020, counsel for ALK asked whether CCC "would agree to a stipulation of dismissal of ALK v. CCC?" and offered, if CCC agreed, to draft the stipulation. Id. Counsel for CCC asked whether the dismissal would be with or without prejudice, to which ALK's counsel stated: "[ALK] would prefer without, but let us know your response." Id. CCC's counsel replied that due to COVID-19-related office closures, ALK would not likely have a response regarding the stipulation until some time the next week. Dkt. # 102-7, at 1. Later that day, ALK filed a motion

---

[1]  The relevant facts in this matter are set forth in the Court's June 29, 2020 opinion (Dkt. # 72).

to dismiss, requesting that the Court dismiss CCC pursuant to Federal Rule of Civil Procedure 41.[2] Dkt. # 96. On September 8, 2020, CCC filed an objection to that motion (Dkt. # 102). In it, CCC argues that any dismissal should be with prejudice, should be stayed pending resolution of defendant Valley Forge's motions for sanctions (Dkt. ## 22, 29, 37), and should award fees and costs to CCC for defending against ALK's claim. Dkt. # 102, at 11. That same day, CCC filed two additional motions: a motion for summary judgment on ALK's claim (Dkt. # 100), and a "motion for sanctions" against ALK and ALK's counsel (Dkt. # 101). The Court now addresses ALK's motion to dismiss CCC, CCC's objection thereto, and CCC's request for sanctions against ALK.

## II. RULE 41 DISMISSAL

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals after the defendant has filed an answer or motion for summary judgment, where there is no stipulation of dismissal between the parties. Fed. R. Civ. P. 41(a)(2); see also Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993). Rule 41(a)(2) states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) dismissal is dependant on the district court's discretion and the movant's acceptance of the terms and conditions set by the district court. American Nat. Bank and Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir.1991). The district court should exercise its discretion in light of the purposes of Rule 41(a)(2). Clark, 13 F.3d at 1411. "That rule is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of

---

[2] The effect of such dismissal, unless otherwise stated by the Court, would be without prejudice. Fed. R. Civ. P. 41(a)(2).

curative conditions.'" Id. (quoting 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 161 (1971)).

"Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." Am. Nat. Bank & Tr. Co. of Sapulpa, 931 F.2d at 1412 (citing Cross Westchester Dev. Corp. v. Chiulli, 887 F.2d 431, 432 (2d Cir. 1989), and McCants v. Ford Motor Co., 781 F.2d 855, 860 (11th Cir.1986)). "The district court, however, should impose only those conditions which actually will alleviate harm to the defendant." Id. (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604-05 (5th Cir. 1976)). "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'" Clark, 13 F.3d at 1411 (quoting Barber v. General Electric Co., 648 F.2d 1272, 1275 (10th Cir. 1981)).

To determine the potential legal prejudice the opposing party will suffer if a motion to dismiss without prejudice is granted, a court should consider the defendant's "effort and expense of preparation for trial, any excessive delay and lack of diligence on the part of the movant in prosecuting the action, and insufficient explanation for the need to take a dismissal." Clark, 13 F.3d at 1411 (quoting United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986)) (alterations omitted). "When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him." AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997) (citing Cauley v. Wilson, 754 F.2d 769, 771–72 (7th Cir.1985)). Conversely, "when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again." Id. "[A] defendant

may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." Id.

ALK has requested that the Court enter an order pursuant to Rule 41 dismissing the action as to CCC, without specifying whether that dismissal would be with or without prejudice. Were the Court to grant such a motion, the effect would be dismissal without prejudice. Fed. R. Civ. P. 41(a)(2). CCC has objected, citing numerous reasons that dismissal without prejudice would be prejudicial to it. Dkt. # 102, at 3-11. CCC argues that, after taking into account its effort and expenses, ALK's lack of diligence and delay, the absence of a justification for the requested dismissal, the present stage of litigation, and ALK counsel's misunderstanding of the law, the Court should deny ALK's motion to dismiss. CCC argues that the Court should instead dismiss the case with prejudice and impose fees and costs. CCC further requests a stay of dismissal until the resolution of Valley Forge's motions for sanctions against ALK, but those motions (Dkt. ## 22, 29, 37) were denied on September 8, 2020 (Dkt. # 98), mooting that portion of the objection.

Given the above, the Court finds that it will grant voluntary dismissal to ALK if ALK files an amended motion to dismiss its claim against CCC with prejudice. The Court finds such dismissal will not prejudice CCC, as it has in fact requested it. Dkt. #101, at 13, Dkt. # 102, at 11. Further, the Court finds that CCC does not allege (nor has the Court found) any "exceptional circumstances" to warrant the imposition of fees and costs as a condition of dismissal with prejudice. See AeroTech, Inc., 110 F.3d at 1528. Therefore, in keeping with Tenth Circuit precedent, the Court will not

impose further conditions on ALK's voluntary dismissal with prejudice.[3] Given the above, if ALK files an amended motion to dismiss CCC with prejudice, the Court will grant it and will moot the pending motion to dismiss. The Court denies CCC's request for costs as an additional condition of the dismissal.

### III. CCC's MOTION FOR SANCTIONS

First, the Court notes that CCC's motion for sanctions is either improperly before the Court under Federal Rule of Civil Procedure 11, or functions as a request for the Court to exercise its "inherent power" to sanction parties that "abuse the judicial process by acting 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Hutchinson v. Hahn, No. 05-CV-453-TCK PJC, 2007 WL 2572224, at *5 (N.D. Okla. Sept. 4, 2007) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991), and Steinert v. Winn Group, Inc., 440 F.3d 1214, 1223 (10th Cir.2006)). The Court will address both alternatives.

To properly file a motion for sanctions under Rule 11, the moving party must serve the motion on the opposing party at least twenty-one days prior to filing the motion. Fed. R. Civ. P. 11(c)(2). The rule specifically requires that the opposing party be served under Rule 5. Id. Service of a motion for sanctions on the opposing party allows that party the opportunity to consider whether to withdraw or correct the allegedly offending document to avoid the filing of a motion for sanctions. Id. This twenty-one day safe harbor exists because "Rule 11's ultimate goal [is] deterrence, rather

---

[3] In its objection, CCC outlines factors that warrant the imposition of costs in the event the Court allowed ALK to dismiss CCC without prejudice. As the Court has not found that dismissal without prejudice would be appropriate, these factors are not persuasive on the issue of costs. While these factors are not applicable to the Court's terms of dismissal, the Court has analyzed them and does not find they constitute the "exceptional circumstances" required by the Tenth Circuit to award costs to a defendant in addition to dismissal with prejudice.

than compensation . . . ." Ridder v. City of Springfield, 109 F.3d 288, 296 (6th Cir. 1997). General warnings to counsel do not provide sufficient notice to act under the safe harbor, and have been rejected in this Circuit, because "the Advisory Committee's Notes clearly suggest that warning letters . . . are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself." Roth v. Green, 466 F.3d 1179, 1192 (10th Cir. 2006).

It is clear that CCC has not undertaken the required steps to move for sanctions under Rule 11. CCC has not demonstrated service of the motion for sanctions on ALK, nor has it alleged it attempted such service. It is also clear that, as of September 3, 2020, ALK could have amended the third amended petition to withdraw its claim against CCC if given the opportunity afforded by the safe harbor. Thus, to the extent the motion is an attempt to proceed under Rule 11, CCC did not afford the non-movant the appropriate opportunity to reconsider its position and is impermissibly before the Court. Thus, it should be denied.

Alternatively, if the motion is meant as a request for the Court to utilize its "inherent power" to sanction ALK, the Court finds that the use of such power is not warranted. ALK's behavior in pursuing its claim against CCC has not risen to the level required to merit such action. The action between CCC and ALK has been before this Court only since late April, and has proceeded with appropriate dispatch.

Additionally, were the Court to consider sanctions, the Court would require additional briefing and potentially a hearing–an avenue that would result in an outcome that contravenes both parties' requests to dismiss CCC. In order to exercise the Court's discretionary ability to sanction parties, the Court must first provide "notice and a meaningful opportunity to respond" to the non-movant regarding the request for sanctions. Hutchinson, 2007 WL 2572224, at *6 (citing Red Carpet

Studios Div. of Source Advantage Ltd. v. Sater, 465 F.3d 642, 647 (6th Cir. 2006)); see also Dominion Video Satellite, Inc. v. Echostar Satellite, LLC, 430 F.3d 1269, 1279 (10th Cir. 2005). Courts frequently interpret this requirement to include both briefing and a hearing on the issue of sanctions. See, e.g., Hutchinson, 2007 WL 2572224, at *6; Dominion Video Satellite, Inc., 430 F.3d at 1279. Given that this Court has not observed conduct that requires such briefing and additional hearing, the Court finds that using its inherent powers to pursue such an inquiry would unnecessarily prolong an otherwise mutually-agreed-upon end to this litigation. The Court will not order the parties to fully brief and be heard on this issue at this time. While the Court recognizes that it has powers to impose sanctions outside of a properly filed motion for sanctions, it declines CCC's invitation to exercise those powers. CCC's motion for sanctions (Dkt. # 101) is denied.

### IV. CONCLUSION

In lieu of additional briefing on matters before the Court currently–including CCC's objection to ALK's motion to dismiss and CCC's motion for summary judgment–the Court finds that ALK may file an amended motion to dismiss CCC with prejudice under Rule 41(a)(2) no later than 5:00 p.m., September 23, 2020. If filed, the Court will grant that motion and moot the pending motion to dismiss. If ALK chooses not to file an amended motion in accordance with this order, the Court will take up the pending motions once they are fully briefed.

**IT IS THEREFORE ORDERED** that CCC's motion for sanctions (Dkt. # 101) is **denied**.

**IT IS FURTHER ORDERED** that, if ALK seeks voluntary dismissal with prejudice by court order under Rule 41(a)(2), ALK is directed to file an amended motion to dismiss **with prejudice** no later than **September 23, 2020, by close of business**.

**DATED** this 22nd day of September, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE